

**NUMBER 13-07-00485-CR**

**COURT OF APPEALS**

**THIRTEENTH DISTRICT OF TEXAS**

**CORPUS CHRISTI - EDINBURG**

---

**CYNEA PERRY**                                                                                              **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                                                            **Appellee.**

---

**On appeal from the 36th District Court of San Patricio County, Texas.**

---

**MEMORANDUM OPINION**

**Before Chief Justice Valdez and Justices Yañez and Benavides
Memorandum Opinion by Justice Yañez**

Pursuant to a plea agreement, appellant, Cynea Perry, pleaded guilty to possession of a controlled substance (cocaine).[1]  The trial court accepted appellant's plea, assessed punishment at one year confinement in a State Jail facility and a $500 fine, suspended the

---

[1] *See* TEX. HEALTH & SAFETY CODE ANN § 481.115(a), (b) (Vernon 2003).

confinement portion of the sentence, and placed appellant on community supervision for a period of four years. Within the period of community supervision, the State filed a motion to revoke appellant's community supervision. At a hearing on the State's motion, appellant pleaded "true" to each of the State's allegations that he violated the conditions of his community supervision. The trial court revoked appellant's community supervision and sentenced him to one year in a State Jail facility. Appellant's counsel has filed a brief with this Court asserting there is no basis for appeal.[2] We agree and affirm the trial court's judgment.

## *Anders* Brief

Counsel's brief reveals that he has reviewed the clerk's record and reporter's record in this case and has concluded that appellant's appeal presents no issues which warrant appellate review.[3] The brief meets the requirements of *Anders* as it presents a professional evaluation showing why there are no arguable grounds for advancing an appeal.[4] In compliance with *High v. State*,[5] counsel has carefully discussed why, under controlling authority, there are no errors in the trial court's judgment. Appellant's counsel informed appellant of his right to review the appellate record and to file a *pro se* brief.[6]

---

[2] *See Anders v. California*, 386 U.S. 738, 744 (1967).

[3] *See id*.

[4] *See Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991) (en banc).

[5] *See High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. 1978),

[6] *See In re Schulman*, 252 S.W.3d 403, 408 (Tex. Crim. App. 2008); *Sowels v. State*, 45 S.W.3d 690, 693 (Tex. App.–Waco 2001, no pet.).

Appellant submitted a *pro se* brief to this Court.[7]

In his *pro se* brief, appellant alleges that at his revocation hearing, his counsel and the State had reached a "plea bargain" for a six-month sentence, but the trial court imposed the original plea-bargained one-year sentence. The record reflects that at the revocation hearing, the State recommended a six-month sentence. However, the trial judge asked appellant if he understood that the court was not required to "go along with any type of agreement," and appellant responded affirmatively.[8] Moreover, after the trial court imposed the one-year sentence, there was no objection from appellant or his counsel.

Upon receiving a "frivolous appeal" brief, the appellate courts must conduct "a full examination of all the proceedings to decide whether the case is wholly frivolous."[9] We have carefully reviewed the appellate record, counsel's brief, and appellant's *pro se* brief.[10] We agree with appellant's counsel that the appeal is without merit.[11] Accordingly, we affirm the judgment of the trial court.

**Motion to Withdraw**

In accordance with *Anders*, counsel has asked permission to withdraw as counsel

---

[7] *See Schulman*, 252 S.W.3d at 409 (citing *Johnson v. State*, 885 S.W.2d 641, 647 n.3 (Tex. App.–Waco 1994, pet. ref'd), *modified by Wilson v. State*, 955 S.W.2d 693 (Tex. App.–Waco 1997, no pet.)).

[8] *See Ex parte Insall*, 224 S.W.3d 213, 215 (Tex. Crim. App. 2007) (Johnson, J., dissenting) (noting that on a motion to revoke community supervision, a trial court is free to reject a purported "plea-bargain agreement" with impunity) (citing *Gutierrez v. State*, 108 S.W.3d 304 (Tex. Crim. App. 2003)).

[9] *Penson v. Ohio*, 488 U.S. 75, 80 (1988); *see Garza v. State*, 126 S.W.3d 312, 313 (Tex. App.–Corpus Christi 2004, no pet.).

[10] *See Schulman*, 252 S.W.3d at 409; *Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005).

[11] *See Bledsoe*, 178 S.W.3d at 827.

for appellant.[12]   An appellate court may grant counsel's motion to withdraw filed in connection with an *Anders* brief.[13]   We grant counsel's motion to withdraw.

We order counsel to advise appellant promptly of the disposition of this case and the availability of discretionary review.[14]

LINDA REYNA YAÑEZ,
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Memorandum opinion delivered and
filed this the 7th day of August, 2008.

---

[12] *See Anders*, 386 U.S. at 744.

[13] *Schulman*, 252 S.W.3d at 409; *see Stafford*, 813 S.W.2d at 511 (noting that *Anders* brief should be filed with request for withdrawal from case).

[14] *Schulman*, 252 S.W.3d at 408; *see Ex parte Wilson*, 956 S.W.2d 25, 27 (Tex. Crim. App. 1997) (en banc) (per curiam).